James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:     (212) 374-0009
F:     (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSEPH LABOZZETTA,

                Plaintiff,

-against-

MLJB PIZZA OF BOHEMIA, INC. and
JOHN BALBI,

                Defendants.

Case No.
**COMPLAINT**

---

Plaintiff, JOSEPH LABOZZETTA ("Plaintiff"), by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, MLJB PIZZA OF BOHEMIA, INC., and JOHN BALBI, (collectively, "the Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime rate for all work hours over forty

1

(40) hours in a work week; (3) spread of hours pay; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Suffolk County, New York.

6. Upon information and belief, Defendant MLJB PIZZA OF BOHEMIA, INC. is a New York Corporation, organized and existing under the laws of the State of New York with a place of business at 876 Church Street, Bohemia, New York, 11716.

7. Upon information and belief, Defendant JOHN BALBI is an owner, officer, director, and/or managing agent of Defendant MLJB PIZZA OF BOHEMIA, INC., and who participated in the day-to-day operations of corporate Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and Regulations promulgated thereunder, as well as the NYLL.

8. Defendant JOHN BALBI exercised control over the terms and conditions of Plaintiff's employment, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of employees, and (v) otherwise affect the quality of the Plaintiff's employment.

9. At all relevant times, MLJB PIZZA OF BOHEMIA, INC., was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by MLJB PIZZA OF BOHEMIA, INC.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff for all hours worked and wages at the overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

12. Plaintiff was employed by Defendants as a cook from July 8, 2019 until July 6, 2020.

13. Plaintiff was hired by Defendant JOHN BALBI on or about July 8, 2019 to work at MLJB PIZZA OF BOHEMIA, INC.

14. Plaintiff was continuously employed by Defendants for almost one (1) year, ending in July 2020.

15. During the course of Plaintiff's employment, Defendant JOHN BALBI hired the Plaintiff, was in charge of setting Plaintiff's rate of compensation, paying Plaintiff and directed Plaintiff's work responsibilities on a day to day basis.

16. During his employment by Defendants, Plaintiff worked in excess of 40 hours per week.

17. From in or around July 2019 to July 6, 2020, Plaintiff was paid a salary of $1,000.00 per week for forty (40) hours of work. Defendants failed to pay Plaintiff any wage or overtime premium for hours worked in excess of forty (40) hours per week.

18. Plaintiff regularly worked over 40 hours per week.

19. Plaintiff's usual workweek comprised of fifty-seven (57) hours per week. Plaintiff worked five (5) days a week, Wednesday from 11a.m. to 10p.m., Thursday 11a.m. to 10p.m., Friday

9a.m. to 10p.m., Saturday 11a.m. to 10p.m. and Sunday 11a.m. to 10p.m.  At times Plaintiff would also work on Mondays or Tuesday at Defendant JOHN BALBI's request.  On Mondays or Tuesdays that Plaintiff would work, Plaintiff would work from 11a.m. to 10 p.m.

20. For instance, for the week of June 29, 2020 to July 5, 2020 Plaintiff worked sixty-six (66) hours.  Plaintiff was paid $1,000.00 for the week.  Plaintiff should have been paid $1,975.00 for all hours worked, including the overtime premium and spread of hours pay.

21. Defendant's failed to pay Plaintiff for all hours worked and the overtime premium for hours worked in excess of forty (40) per week.

22. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff wages for all hours worked and overtime wages for the total hours worked over forty (40) in a workweek, in violation of the FLSA, NYLL and the supporting Federal and New York State Department of Labor Regulations.

23. Defendants failed to pay Plaintiff spread of hours pay for days in which Plaintiff worked in excess of ten (10) hours in a day.

24. Plaintiff was not provided with a wage notice pursuant to NYLL §195(1) by Defendants within 10 days of the start of his employment, nor any time thereafter.

25. Plaintiff never received proper wage statements pursuant to NYLL §195(3).

26. Plaintiff has been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

27. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of five hundred thousand dollars ($500,000.00).

30. Plaintiff is entitled to be paid at the overtime rate for all hours worked over forty (40) hours in week at the overtime wage rate as provided for in the FLSA.

31. Defendants failed to pay Plaintiff compensation for all hours worked over forty (40) hours in week as provided for in the FLSA.

32. At all relevant times, each of the Defendants had, and continues to have a policy and practice of refusing to pay Plaintiff at the overtime rate for all hours worked over forty (40) hours in a week which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

33. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by Defendants failure to compensate Plaintiff at the overtime rate for all hours worked over forty (40) hours in week when they knew or should have known such was due and that non-payment of an overtime rate would financially injure Plaintiff.

34. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

35. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

36. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

37. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

38. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages at the overtime wage rate, an equal amount as liquidated damages, and prejudgment interest thereon. Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

39. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "38" of this Complaint as if fully set forth herein.

40. The wage provisions of the NYLL apply to the Defendants and protect the Plaintiff.

41. Defendants, pursuant to their policies and practices, refused and failed to pay the Plaintiff the overtime wage rate for all hours worked over forty (40) hours in week and did not pay the required extra hour of pay due for working over ten (10) hours in a day to Plaintiff.

42. By failing to lawfully compensate the Plaintiff, Defendants violated Plaintiff's statutory rights under the NYLL.

43. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

44. Due to the Defendants' NYLL violations, Plaintiff is entitled to recover from the Defendants unpaid wages at the overtime wage rate, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198.

## COUNT 3

### [Failure to provide a Wage Notice]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

47. Defendants have willfully failed to supply Plaintiff with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of Plaintiff's employment.

48. Through their knowing or intentional failure to provide the Plaintiff with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

49. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

50. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. Defendants have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

52. Through their knowing or intentional failure to provide the Plaintiff with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

53. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH LOBOZZETTA respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages and unpaid wages at the minimum wage rate and at the overtime rate for all hours worked over forty (40) hours in a work week and the required extra hour of pay due for working over ten (10) hours in a day pursuant to the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked, overtime wages for all hours worked over forty (40) hours in a work week, the required extra hour of pay due for working over ten (10) hours in a day, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

  (f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

  (g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
   July 27, 2020

                Respectfully submitted,

                By: _____/s/_____
                James F. Sullivan, Esq.
                Law Offices of James F. Sullivan, P.C.
                52 Duane Street, 7th Floor
                New York, New York 10007
                T: (212) 374-0009
                F: (212) 374-9931
                *Attorneys for Plaintiff*
                jsullivan@jfslaw.net