UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSEPH LABOZZETTA

      Plaintiff,      **MEMORANDUM AND**
-against-            **ORDER**

MLJB PIZZA OF BOHEMIA, INC. and   20-CV-3360 (SIL)
JOHN BALBI

      Defendants.
----------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

On December 9, 2020, in this wage and hour action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.* and § 650 *et seq.*, Plaintiff Joseph Labozetta and Defendants MLJB Pizza of Bohemia, Inc. and John Balbi submitted a motion seeking approval of a Settlement Agreement and Release (the "Settlement Agreement").[1] *See* DE [19]. On January 13, 2021, the parties appeared before this Court for a fairness hearing pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See* DE [21].

Having reviewed the parties' joint submissions in support of their application, the Court finds that the Settlement Agreement's terms, as amended on the record and attached, are fair and reasonable. *See Cheeks*, 796 F.3d at 206; *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (requiring that a district court scrutinize an FLSA settlement agreement to determine that it is fair and

---

[1] This action has been assigned to this Court for all purposes pursuant to 28 U.S.C. § 636(c). *See* Docket Entry ("DE") [20]; Order dated December 9, 2020.

reasonable). Accordingly, the Settlement Agreement as amended is approved, and the Clerk of the Court is directed to close this case.

Dated:     Central Islip, New York     **SO ORDERED.**
            January 13, 2021

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    Index No.: 2:20-cv-03360 (EK)(SIL)
JOSEPH LABOZZETTA,

              Plaintiff,

-against-

MLJB PIZZA OF BOHEMIA, INC. and
JOHN BALBI,

              Defendants.
----------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter, "Agreement") is entered into between Joseph Labozzetta ("PLAINTIFF") and MLJB Pizza of Bohemia, Inc. and John Balbi and said company's successors, predecessors, parent, their related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as their respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities, and said individual's heirs, executors, administrators, successors, assigns, and attorneys (hereinafter collectively referred to as "DEFENDANTS");

    A.    WHEREAS, PLAINTIFF has brought forth an action in the United States District Court, Eastern of New York, Case No. 20-cv-3360, against DEFENDANTS alleging violations under the Fair Labor Standards Act (hereinafter "FLSA"), the New York State Labor Law (hereinafter "NYLL");

    B.    WHEREAS, DEFENDANTS have denied PLAINTIFF'S claims; and

    C.    WHEREAS, PLAINTIFF has not filed a motion for collective and/or class

certification;

D. WHEREAS, PLAINTIFF and DEFENDANTS wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forgo any and all future litigation; and

E. WHEREAS, DEFENDANTS are willing to enter into this Agreement with PLAINTIFF and to provide PLAINTIFF with the consideration specified in Paragraph 1, below, in exchange for PLAINTIFF'S promises set forth in this Agreement; and

F. WHEREAS, the parties have agreed to voluntarily settle this action in exchange for entering into this Agreement.

Based upon the foregoing promises and the consideration to be provided to PLAINTIFF and the other promises set forth below, DEFENDANTS, intending to be legally bound, agree as follows:

1. **Consideration to be Provided to PLAINTIFF.**

In consideration for the promises made by PLAINTIFF set forth in this Agreement, DEFENDANTS promise to pay PLAINTIFF the total amount of Forty-Three Thousand 00/100 Dollars ($43,000.00). The payments shall be broken down as follows:

a) One check made payable to Joseph Labozzetta in the amount of $14,023.33, less applicable payroll taxes and deductions, which will be reported on a W-2.

b) One check made payable to Joseph Labozzetta in the amount of $14,023.34, which will be reported on a 1099;

      c)      One check made payable to the Law Offices of James F. Sullivan, P.C. in the amount of $14,953.33, which will be reported on a 1099.  Representing $14,023.33 in legal fee and $930.00 in expenses.

All payments shall be made by DEFENDANTS within thirty (30) days of Court approval, except that if Court approval occurs after January 15, 2021 payment shall be made within fourteen (14) days of Court approval.  Further, all payments shall be contingent upon PLAINTIFF providing DEFENDANTS with an execute W-4 and W-9 and PLAINTIFF's Counsel providing Defendants with an executed W-9.  PLAINTIFF further agrees that he will be individually responsible for any employee taxes due on the payments and agrees to indemnify and hold harmless DEFENDANTS for any such liability with respect to those payments. Such payments shall be forwarded to PLAINTIFF'S counsel: Law Offices of James F. Sullivan, P.C., 52 Duane Street, 7th Floor, New York, New York 10007.

    **2.**    **Adequate Consideration.**

PLAINTIFF expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon his by virtue of this Agreement.  PLAINTIFF expressly agrees and acknowledges that DEFENDANTS have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by PLAINTIFF in this Agreement.

    **3.**    **Release of Claims by PLAINTIFF.**

PLAINTIFF, individually and jointly, voluntarily and irrevocably, releases and forever discharges DEFENDANTS from and against any and all claims, obligations, debts, liabilities,

-3-

demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the PLAINTIFF pursuant to the FLSA and NYLL including claims for overtime, minimum wage, spread of hours, and failure to provide wage notices and wage statements. The disputes released by PLAINTIFF include any and all disputes against DEFENDANTS concerning PLAINTIFF'S employment with or arising from his employment with DEFENDANTS pursuant to the FLSA, and NYLL which are set forth in the Complaint filed in this action on or about July 27, 2020 and the PLAINTIFF understands that he is releasing any and all claims alleged against DEFENDANTS, individually or jointly, pursuant to the FLSA and NYLL including claims for overtime, minimum wage, spread of hours, failure to provide wage notices and wage statements. Upon receipt of the payment referred to in Paragraph 1, PLAINTIFF'S counsel will execute a Stipulation of Discontinuance with prejudice in the form set forth in Exhibit A, which PLAINTIFF'S attorney will forward to DEFENDANTS' counsel for the purposes of filing with the Clerk of Court of the United States District Court, Eastern District of New York.

4. **Affirmations By PLAINTIFF.**

a. PLAINTIFF agrees that with respect to the claims he is waiving, he is waiving not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a future claim is brought on his behalf individually or jointly, by any other person or entity, before the United States Department of Labor ("USDOL"), the New York State Department of Labor ("NYSDOL"), or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the

claims released by the PLAINTIFF in paragraph 3 herein, he is waiving his right to recover money or other relief in such action.

  b. As a result of this settlement, PLAINTIFF admits and affirms that he: (i) has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against DEFENDANTS; (ii) has no other outstanding lawsuits or claims against DEFENDANTS, other than the action brought in the United States District Court, Eastern District of New York (20-cv-3360), and (iii) this Agreement has been entered into after a bona fide mediation held on November 12, 2020 before Giulio Zanolla an Eastern District of New York mediator and between counsel for PLAINTIFF and DEFENDANTS during which time the parties had an opportunity to hear each side's arguments, review documents and exchange information, and the terms of this settlement were agreed to by the parties after subsequent discussions between counsel for the parties after the conclusion of such mediation.

  c. PLAINTIFF affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this Agreement.

  d. PLAINTIFF has entered into this Agreement under his own free will and volition upon consultation with his attorney.

  5. **Non-Defamation.**

PLAINTIFF agrees that he will not make any comments that will disparage DEFENDANTS or any of DEFENDANTS' officers and/or employees. Such disparaging comments include comments concerning the quality of work performed by DEFENDANTS, its

officers and employees and/or other communications which might otherwise impair the reputation of DEFENDANTS, its officers and employees. Likewise, DEFENDANTS agree that its officers, and/or principals, will not make any statements to any third parties that will disparage PLAINTIFF including comments concerning PLAINTIFF's work performance. Nothing herein contained shall be construed to prohibit PLAINTIFF or DEFENDANTS from making any truthful statements concerning the terms of this Settlement Agreement and/or any truthful statements regarding their experiences litigating this matter. PLAINTIFF further agrees and understands that he is no longer employed by DEFENDANTS and he will not visit or access any properties owned by DEFENDANTS.

6. **No Admission of Liability or Wrongdoing.**

PLAINTIFF agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by DEFENDANTS including but not limited to any admission that PLAINTIFF was misclassified. DEFENDANTS deny that they engaged in any wrongdoing of any kind with respect to PLAINTIFF.

7. **Breach.**

In the event of a dispute as to the interpretation, application, or violation of this Agreement, including any breach of the Agreement concerning Paragraph Five of this Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Eastern District of New York. The United States District Court, Eastern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The prevailing party shall be entitled to all remedies available at law.

8. **Advice of Counsel.**

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. PLAINTIFF hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

9. **Severability.**

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

10. **Governing Law and Interpretation.**

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

11. **Waiting Period, Effective Date.**

PLAINTIFF acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which PLAINTIFF signs this Agreement.

12. **Native Language**

PLAINTIFF represents that he has received a copy of this Agreement and/or has been provided with a translation of this Agreement in his native language prior to entering into this

Agreement.

13. **Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both PLAINTIFF and representatives of DEFENDANTS.

PLAINTIFF states that his attorneys' fees and expenses are paid and/or such fees will be paid as part of this Agreement, and there will be no further or separate claim for attorneys' fees or expenses.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE**

THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

*[signature]*
JOSEPH LABOZZETTA
Date: 12/5/2020

---

MLJB PIZZA OF BOHEMIA, INC.

By: _____

Date: _____

---

JOHN BALBI
Date: _____

_____
**JOSEPH LABOZZETTA**
Date:_____

_____
**MLJB PIZZA OF BOHEMIA, INC.**
By: _John Balbi_____
Date: _12/9/20_____

_____
**JOHN BALBI**
Date: _12/9/20_____

-10-